CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
NOV - 6 2007
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| HENRY G. BOLES,<br>Plaintiff, | )<br>)  Civil Action No. 7:07cv00479<br>) |
| v. | )  **MEMORANDUM OPINION**<br>) |
| MICHELE FULCHER,<br>Defendant. | )  By: Hon. Jackson L. Kiser<br>)  Senior United States District Judge |

Plaintiff Henry G. Boles, a Virginia pre-trial detainee proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983. Having reviewed plaintiff's allegations, the court concludes that he has failed to state a claim upon which relief may be granted. Therefore, the court will dismiss the complaint without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1).[1]

In order to state a claim under § 1983, a plaintiff must allege facts sufficient to establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that such deprivation is a result of conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Having reviewed plaintiff's allegations, the court concludes that he has failed to state a claim of constitutional magnitude against the named defendant. Plaintiff is presently incarcerated at the New River Valley Regional Jail in Dublin, Virginia. He claims that Michele Fulcher made false statements to the police claiming that plaintiff had assaulted her. As a private citizen, Fulcher is not subject to liability under § 1983 unless she engages in conduct that qualifies as state action. See American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) ("Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory

---

[1] This statute provides that the court shall dismiss a complaint as soon as practicable if the court determines that it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1).

or wrongful.'") (quoting Blum v. Yaretsky, 457 U.S. 991, 1002 (1982)). Because a private citizen does not become a state actor by merely "[p]roviding information to the state and pressing for state action against an individual," Manax v. McNamara, 842 F.2d 808, 813 (5th Cir. 1988), plaintiff's claim against Ms. Fulcher must be dismissed.[2] See also Moore v. Marketplace Restaurant, Inc., 754 F.2d 1336, 1352 (7th Cir. 1985) ("[P]roviding false information to an arresting officer is not, by itself, sufficient to state a claim against that private party under § 1983.").

For the reasons stated, the court concludes that the plaintiff has failed to state a claim upon which relief may be granted, and will dismiss the plaintiff's complaint pursuant to 28 U.S.C. § 1915A(b)(1). The Clerk is directed to send copies of this memorandum opinion and the accompanying order to plaintiff.

**ENTER**: This 6th day of November, 2007.

*/s/ Jackson L. Kiser*
Senior United States District Judge

---

[2] Plaintiff adds that Ms. Fulcher has removed his belongings to the home of John and Terry Williams, and that he "want[s] to sue" them, too. Assuming plaintiff intended to name the Williamses as defendants, the claims against them must be dismissed for the same reasons as plaintiff's claim against Ms. Fulcher.